[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Sandra Horn Elstein of the Town of Fairfield, County of Fairfield, State of Connecticut appealing from the action of the Board of Tax Review of the City of Milford. The plaintiff on October 1, 1991 was the owner of certain property in Milford whereby the land on said property was assessed at $297,000 and the building at $96,000 for a total valuation of $393,000. The court notes that the addition cited by the plaintiff misrepresents the actual total of the valuation. The court finds the actual valuation as of October 1, 1991 was $393,000. The assessor of Milford taxed said property at 70 percent of its true and actual valuation. Said property known as 61 Shell Avenue is bordered by Long Island Sound.
The plaintiff's attorney approached his claim of overassessment by claiming shorefront property was improperly assessed with prejudice because of the access to the waterfront. The court made a survey of prominent real estate brokers to determine if shorefront property had a unique value because of the presence of access to the water. In each and every case, this court was informed that waterfront property is generally valued at a much higher rate based upon the fact that it is waterfront property.
The evidence in the transcript indicates there is no dispute with the value as established by the assessor on October 1, 1991 which was $393,000. That has been admitted but the dispute lies in the fact that the assessor of the City of Milford appraised waterfront property against non-waterfront property and that appears to be the only bottom line dispute. At no time did either side utilize the cost approach but only comparable sales and other property valuations. Mr. Gaffney, the appraiser for the City of Milford stated he did use the cost approach but it was never introduced in the evidence at trial. There is a great disparity of the sale of this property in question at a prior date and the present valuation.
The court ignoring the argument of the plaintiff that there CT Page 1611 is no disparity between waterfront and non-waterfront property nevertheless based upon the evidence and the comparable sales approach does reduce the land value by $10,000. Therefore, judgment is entered that the assessment for the dwelling shall remain the same but the land value shall be reduced by $10,000, without costs to either party. The City of Milford shall reduce the assessment accordingly and give tax credit to the plaintiff on future tax lists.
Philip E. Mancini, Jr. Judge Referee